[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14268

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

GARY BAPTISTE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:10-cr-60077-FAM-1

_____

Before JILL PRYOR, LUCK, and MARCUS, Circuit Judges.

PER CURIAM:

After the district court granted Gary Baptiste's authorized successive 28 U.S.C. § 2255 motion, vacated two of his counts of conviction, and resentenced him, Baptiste appeals the substantive reasonableness of his total sentence of 300 months' imprisonment for conspiracy to commit Hobbs Act robbery and possession of a firearm by a convicted felon.  On appeal, Baptiste argues that the district court abused its discretion in weighing the nature and circumstances of the offense in light of the mitigating factors of his rough upbringing, his post-sentence rehabilitation, the fact that no one was actually harmed, and the differences in sentences between Baptiste and his codefendants.  After careful review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion."  *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 351 (2007)).  In reviewing the "'substantive reasonableness of [a] sentence" we consider the "'totality of the circumstances.'"  *Id.* at 1190 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).  The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a).[1]  The

---

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for

court must consider all of the § 3553(a) factors, but it may give greater weight to some factors over others -- a decision which is within its sound discretion. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). Indeed, the district court maintains discretion to give heavier weight to any of the § 3553(a) factors or combination of factors than to the guideline range. *Id.* at 1259. We have "underscored" that we must give "due deference" to the district court to consider and weigh the proper sentencing factors. *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018) (quotation omitted).

However, a sentence may be substantively unreasonable when a court "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factors, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quotation omitted). A sentence that suffers from one of these symptoms is not per se unreasonable; rather, we must examine the totality of the circumstances to determine the sentence's reasonableness. *Pugh*, 515 F.3d

---

the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

at 1192.  We will vacate a sentence only if we are left with the "definite and firm" conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that is outside the range of reasonable sentences dictated by the facts of the case.  *Id.* at 1191.  The party challenging the sentence bears the burden of establishing that it is unreasonable based on the facts of the case and the 18 U.S.C. § 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

In considering the need to avoid unwarranted sentence disparities under 18 U.S.C. § 3553(a)(6), a court first considers whether the defendant is similarly situated to the defendants to whom he compares himself.  *United States v. Azmat*, 805 F.3d 1018, 1048 (11th Cir. 2015).  Accordingly, the district court should not draw comparisons to cases involving defendants who were convicted of less serious offenses, pleaded guilty, or lacked extensive criminal histories, if those things are not true of the defendant.  *United States v. Jayyousi*, 657 F.3d 1085, 1118 (11th Cir. 2011).

We must give "due deference" to the district court's decision that the § 3553(a) factors justify a variance.  *Gall*, 552 U.S. at 51. "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."  *Id.*  Thus, there is a range of reasonable sentences from which the district court may choose.  *United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014).

We do not presume a sentence outside the guideline range is unreasonable.  *Irey*, 612 F.3d at 1187.  But the district court's

justification for a variance must be "sufficiently compelling to support the degree of the variance." *Id.* at 1186–87 (quotation omitted). A sentence that is well below the statutory maximum for the crime is an indicator of a reasonable sentence. *United States v. Dougherty*, 754 F.3d 1353, 1364 (11th Cir. 2014).

District courts need not explicitly address "each of the § 3553(a) factors or all of the mitigating evidence," so long as the record reflects the court considered the factors and the parties' arguments. *United States v. Taylor*, 997 F.3d 1348, 1354 (11th Cir. 2021). Even if a particular factor is already accounted for by the Guidelines, district courts maintain discretion to use this factor to justify an upward variance. *See United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020).

Here, Baptiste has not shown that the district court imposed a substantively unreasonable sentence. As the record reflects, Baptiste was convicted in 2011 of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 1); conspiracy to use and carry a firearm and ammunition during and in relation to a crime of violence and a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), (o) (Count 4); carrying a firearm and ammunition during and in relation to a crime of violence and a drug-trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Count 5); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 6). The convictions arose out of a reverse-sting operation by the Broward County Sheriff's Office involving the robbery of a fictitious stash house of cocaine. At

sentencing, the district court calculated Baptiste's guideline range to be 262 to 327 months' imprisonment, plus a mandatory 60-month consecutive term for Count 5, and imposed an upward-varying sentence of 660 months' imprisonment.

In 2019, Baptiste filed an application with our Court for leave to file a successive § 2255 motion challenging the validity of his convictions in Counts 4 and 5 -- involving the use or carrying of a firearm and ammunition during and in relation to a crime of violence and a drug-trafficking crime -- based on a new rule of constitutional law announced in *United States v. Davis*, 139 S. Ct. 2319 (2019).  After we granted the motion, the district court vacated the convictions on Counts 4 and 5, and Baptiste's new guideline range was 121 to 151 months' imprisonment.

At the resentencing hearing, the district court described the offense as a "very, very, very serious violent offense," which could have resulted in much greater consequences of killing someone. The court expressed a need to protect the public and its concern that Baptiste would recidivate, and considered the government's arguments that Baptiste was the leader of the conspiracy, had recruited his six codefendants, had been arrested with four bullet-proof vests, four firearms, and 126 rounds, had obstructed justice, and had told an undercover agent that he'd "sleep better if I kill the two guards at the stash house."  As for mitigating factors, the district court considered the non-violent nature of Baptiste's prior grand theft conviction, the fact that reverse-sting operations were rarely conducted anymore because they targeted poor, black

people, the lighter sentences his codefendants received, and his rehabilitation efforts in prison, which the government partially disputed.  Initially inclined to impose a 360-month sentence, the district court ultimately imposed a 300-month sentence.  In so doing, the court explained that it believed an upward variance was appropriate "for the same reasons that [it] mentioned before [at the original sentencing]," which included its opinion that Baptiste's offense "is about as serious, short of murder, as it can get" and that Baptiste had said he was willing to kill the stash house guards.

On this record, we cannot say that the district court abused its discretion in determining that an upward variance was warranted in light of the nature and circumstances of the offense and the needs to promote respect for the law, provide adequate deterrence, and protect the public. 18 U.S.C. § 3553(a)(2)(B), (2)(C).  Further, even though the court did not need to comment on all of Baptiste's mitigating factors, *Taylor*, 997 F.3d at 1354, it did hear his mitigating arguments and address the rehabilitative programs he completed, his rough upbringing, and that no one was harmed.  Upon finding it "impressive" that multiple people in the prison believed Baptiste had done enough to rehabilitate himself, the court said it was sentencing him to five years on Count 6 instead of the ten years it could have imposed.  The court then expressed skepticism of Baptiste's mitigating argument that no one was actually harmed in the commission of his crime, noting the seriousness of the crime and the need to protect the public.  In attaching greater weight to the aggravating factors than the mitigating ones, the

court acted well within its discretion. *Rosales-Bruno*, 789 F.3d at 1254. In addition, we recognize that the guideline range already accounted for the seriousness of the offense, his obstruction, and his leading role, but the district court was allowed, under our case law, to consider factors that the guideline range already encompassed in deciding to impose a variance. *Goldman*, 953 F.3d at 1222. And although the 300-month sentence was above the guideline range, it was still below the aggregate statutory maximum of 360 months, an indicator of reasonableness. *Dougherty*, 754 F.3d at 1364.

Finally, we are unpersuaded by Baptiste's argument that his sentence was unreasonable because it created unwarranted sentencing disparities. As we've held, there can be no unwarranted sentencing disparities among codefendants who are not similarly situated, and the district court found his codefendants not to be similarly situated. *See Azmat*, 805 F.3d at 1048. Among other things, the district court noted that one codefendant had entered a plea, another had only been convicted of one count, and, unlike all his codefendants, Baptiste had not admitted to his actions, had been the leader and had obstructed justice. *Jayyousi*, 657 F.3d at 1118.

Because Baptiste has not shown that his 300-month sentence was substantively unreasonable, we affirm.

**AFFIRMED.**